IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | No. 2:15-CV-0331-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| U.S. GOVERNMENT, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On May 21, 2015, the court directed plaintiff to resolve the fee status for this case within 30 days of the date of the order. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court orders and rules. See Local Rule 110. As of July 17, 2015, plaintiff had not complied by either paying the full filing fee or filing a complete application for leave to proceed in forma pauperis. Consequently, the court directed plaintiff to show cause in writing within 30 days why the action should not be dismissed for failure to comply with the court's May 21, 2015, order. To date, plaintiff has not

1  responded to any of the court's orders.[1]

2        The court must weigh five factors before imposing the harsh sanction of
3  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
4  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
5  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
6  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
7  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
8  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
9  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
10 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
11 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
12 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
13 inform the district court and parties of a change of address pursuant to local rules.  See Carey v.
14 King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

15        Having considered the factors outlined above, the court finds that dismissal of the
16 action is warranted.  Specifically, plaintiff has failed to even minimally prosecute this action by
17 resolving the fee status for the case, thus thwarting the court's interest in maintaining its docket,
18 as well as the public's interest in expeditious resolution of the litigation on the merits.  No less
19 drastic sanction is available to compel plaintiff's compliance with the court's rules and orders.
20 Additionally, the court notes that all orders directed to plaintiff have been returned and plaintiff
21 has failed to file any notice of change of address.
22 / / /
23 / / /
24 / / /

---

[1] Pursuant to Eastern District of California Local Rule 83-182(f), a party appearing pro se is required to inform the court of any address change.  Plaintiff has failed to do so.

1         Accordingly, IT IS HEREBY ORDERED that:

2         1.     This action is action is dismissed without prejudice for lack of prosecution

3 and failure to comply with court rules and orders; and

4         2.     The Clerk of the Court is directed to enter judgment and close this file.

6  DATED: September 17, 2015

7

8                                                **CRAIG M. KELLISON**
                                               UNITED STATES MAGISTRATE JUDGE